Gerhardt **ETHERIDGE**, Petitioner,

v.

Otis **BANTUM**, Acting Warden, Rikers Island House of Detention For Men, East Elmhurst, New York, Respondent.

No. 81 Civ. 5465.

United States District Court,
S. D. New York.

Feb. 15, 1982.

Gerhardt Etheridge, pro se.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., for respondent; Mary Brienza, Asst. Dist. Atty., Brooklyn, N. Y., of counsel.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

Although petitioner is not in custody pursuant to a judgment of conviction of a state court, he seeks a federal writ of habeas corpus pursuant to 28 U.S.C., section 2254. He contends that a prospective trial upon a manslaughter indictment would constitute double jeopardy in violation of the Fifth and Fourteenth Amendments of the Federal Constitution.

Petitioner was indicted in August 1976 for murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. The case was tried in April 1977 and resulted in a hung jury. Upon a retrial in May 1977, the jury acquitted petitioner of the murder charge; he was found guilty of the manslaughter and assault charges. Upon appeal, the Appellate Division, Second Department, reversed the conviction and ordered a new trial.[1] However, there has been no retrial upon the initial indictment. In January 1979, the Grand Jury returned a superseding indictment charging petitioner with manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the second degree. The petitioner's efforts to preclude a retrial of that indictment upon a claim that he would be placed in double jeopardy have been unsuccessful. The trial judge to whom the case has been assigned has held that the superseding indictment does not place petitioner in double jeopardy.

Petitioner seeks by way of this petition for a federal writ of habeas corpus to void the indictment upon his plea of double jeopardy and to stay the trial pending determination of this proceeding. The petition is premature. Federal habeas corpus under 28 U.S.C., section 2254 may be applied for when one is in custody pursuant to a state court judgment in violation of his federal constitutional rights. In the event of trial and a judgment of conviction, the petitioner must exhaust the available state remedy requirement of section 2254.[2] The writ may not be used at this time to bar the pending state trial. To do so would be contrary to the national policy forbidding federal courts to enjoin state court proceedings except under special circumstances. There are no such circumstances. Petitioner is free to set up his claim of double jeopardy against prosecution on the pending charge.[3] There is no reason to assume that the state courts will be insensitive to petitioner's claim. The state courts are entitled to pass upon it in the first instance upon its proper presentation at the pending trial and, in the event of conviction, to the state appellate courts.

The petition for a writ of habeas corpus is dismissed. So ordered.

---

1. *Etheridge v. People*, 71 A.D.2d 861, 419 N.Y. S.2d 188 (1979).

2. *Picard v. Conner*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1970).

3. *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).